UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PIERRE DONTE JOSHLIN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>　　　　Respondents. | 2:13-cv-001014-JAD-NJK<br><br>**Order**<br>[##28, 32] |

On November 4, 2014, petitioner Pierre Donte Joshlin filed a motion for leave to conduct limited discovery. Doc. 28. With that motion, he asks for permission to obtain information from the Clark County District Attorney's Office bearing on Ground 3(c) of his first amended petition. Ground 3(c) is an ineffective-assistance-of-counsel claim alleging that counsel failed to communicate and assist petitioner with a proffered plea offer. Doc. 26 at 19–26.

**A.　Motion to Conduct Discovery (Doc. 28)**

Rule 6 of the Rules Governing Section 2254 cases permits the use of discovery in habeas corpus actions, but only after obtaining leave of court and upon a showing of good cause. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Respondents concede that some limited discovery may be appropriate but oppose petitioner's motion to the extent he seeks leave to request "a copy of the prosecutorial file;" and "any related exhibits, documents, and other law enforcement and investigative materials;" and "all material exculpatory material as defined and required under *Brady v. Maryland*, 373 U.S. 83 (1963)." Accordingly, they ask that petitioner's discovery request be confined to information and materials related to plea agreement offers tendered to petitioner in the state criminal proceeding challenged herein.

As noted in *Bracy*, "Rule 6(a) makes it clear that the scope and extent of such discovery is a

matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909. This court agrees with respondents that petitioner's requested discovery extends well beyond that which is relevant to the claim at issue and would require the production of a significant volume of materials that should already be in petitioner's possession. Thus, petitioner's discovery request shall be confined to the information and materials described below.

B.   **Motion to Stay (Doc. 32)**

Also pending is petitioner's motion to stay briefing and a decision on respondents' motion to dismiss (Doc. 31) pending the completion of court-authorized discovery. Doc. 32. Petitioner argues that a stay is warranted because of "the possibility that Joshlin's examination of the District Attorney's file may reveal that Ground 3(c) should be abandoned and thereby promote judicial efficiency by obviating the need for further litigation." *Id.*, p. 3. Given that respondents' motion to dismiss is focused entirely on Ground 3(c), petitioner's argument has some appeal. It may be, however, the claim is subject to dismissal on procedural grounds, irrespective of its substantive merit. Accordingly, the court is not willing to delay proceedings while petitioner attempts to develop facts in support of the claim.

IT IS THEREFORE ORDERED that petitioner's motion for leave to conduct limited discovery **(Doc. 28) is GRANTED as follows: Petitioner may request that the Clark County District Attorney's Office retrieve and provide to the Federal Public Defender's Office for the District of Nevada, Las Vegas, a copy of any and all information and materials related to plea agreement offers tendered to petitioner/defendant Pierre Donte Joshlin in relation to Eighth Judicial Case Number C228460-1.**

IT IS FURTHER ORDERED that **the certification requirements of Rules 26(c)(1) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26-7 apply to any and all disputes with regard to the discovery allowed in this action. The parties shall confer and endeavor in good faith to resolve any and all discovery disputes in this regard, and they shall seek court intervention only as a last resort.** All applicable discovery sanctions provided for within the Federal Rules of Civil Procedure shall apply. Any and all discovery matters in this habeas case, including any emergency discovery disputes under Local Rule 26-7(c), will be handled in this

habeas case by the presiding district judge, rather than the magistrate judge.

IT IS FURTHER ORDERED that **petitioner shall have until June 11, 2015, to complete the discovery authorized by this order**.

IT IS FURTHER ORDERED that petitioner's motion to stay briefing and a decision on respondents' motion to dismiss **(Doc. 32) is DENIED. Petitioner shall have until June 1, 2015, to file a response to respondents' motion to dismiss (Doc. 31).**

DATED this 12th day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge