UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Pierre Donte Joshlin,<br><br>    Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>    Respondents | 2:13-cv-01014-JAD-NJK<br><br>**Order Denying Petition for Writ of Habeas Corpus and Closing Case**<br><br>[ECF No. 41] |

Nevada state prisoner Pierre Donte Joshlin, who is represented by the Federal Public Defender's Office, brings this § 2254 petition to challenge his state court conviction for first-degree murder with use of a deadly weapon and related charges. Having reviewed respondents' answer, I find that Joshlin's claims fail on their merits, so I deny his petition and decline to issue a certificate of appealability.

**Background**[1]

**A.    Joshlin's trial**

On May 11, 2007, a jury in Nevada's Eighth Judicial District Court found Joshlin guilty of conspiracy to commit murder, first-degree murder with use of a deadly weapon, attempted murder with use of a deadly weapon (three counts), conspiracy to commit robbery, and robbery with use of a deadly weapon (two counts). The trial court sentenced Joshlin to various consecutive and concurrent terms ranging from 26 months to life imprisonment.

Evidence presented at trial established the following: On the night of September 30, 2006, Joshlin, his co-defendant Jemar Matthews, and two other men ambushed four people visiting outside a house and opened fire, killing one woman and injuring another. According to expert testimony, at least 40 shots were fired by the assailants, who then fled on foot until they stumbled across four

---

[1] Except where otherwise indicated, this procedural and factual background is derived from the exhibits provided by Joshlin at ECF Nos. 12–20 and this court's own docket.

people in a parked Lincoln Continental just a block away.  One of the assailants put a gun to the driver's head and demanded that he get out of the car.

Two police officers happened upon the hijacking.  Three of the assailants got into the car, sped away, and ran a stop sign; the officers gave chase.  The car stopped when the driver, co-defendant Matthews, fell out of the car and fled.  Officer Walter pursued Matthews and Officer Cupp pursued Joshlin.  Officer Cupp noticed that Joshlin was wearing black gloves and had a Glock pistol in his hand.  When Joshlin appeared to be pointing the pistol at him, Officer Cupp fired three shots at Joshlin and took cover behind a vehicle.  Officer Cupp then lost sight of Joshlin.

At approximately the same time, a third officer, Officer Rios, saw Joshlin run toward an apartment complex and pry open and squeeze through the gates.  Officer Rios lost sight of Joshlin as he waited for the gates to open so he could drive into the complex.  Upon entering the complex, Officer Rios and another officer, Officer Calarco, found Joshlin hiding in a dumpster.  When Joshlin raised his hands to surrender, Officer Calarco noticed a Glock pistol underneath Joshlin's left hand.  Officer Cupp arrived as Officers Rios and Calarco were pulling Joshlin out of the dumpster.  Offier Cupp recognized Joshlin as the same person he chased from the Lincoln Continental but noticed that Joshlin was no longer wearing black gloves.  Black gloves and a Glock pistol were recovered from the dumpster.

A firearms expert testified that the bullet that killed one of the female victims came from the sawed-off .22 rifle that, based on testimony of eye-witnesses, was used by Matthews.  This expert further testified that ten spent shell casings found at the shooting scene matched the Glock pistol found in the dumpster with Joshlin.  Another expert later testified that one of the gloves found with Joshlin in the dumpster contained particles of gunshot residue.

**B.    Procedural history**

Joshlin's judgment of conviction was entered on July 17, 2007.  Joshlin appealed, and the Nevada Supreme Court affirmed on March 11, 2010.  While his direct appeal was pending before the Nevada Supreme Court, Joshlin had filed a proper person state habeas petition in the state district court.  The state district court appointed counsel, who filed a memorandum in support of Joshlin's petition.  The state district court denied Joshlin's petition; Joshlin appealed, and the Nevada Supreme

Court affirmed.

On May 24, 2013, Joshlin dispatched his first federal habeas petition. I appointed the Federal Public Defender's office to represent Joshlin, who filed an amended petition in May 2014. Respondents moved to dismiss ground 3(c) of the petition as unexhausted. Joshlin then filed a second-amended petition omitting ground 3(c). Joshlin's remaining claims have been fully briefed, and I now decide them on their merits.

## Discussion

**A.   Standard for habeas relief under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[2] In making this determination, federal courts look to the last reasoned state-court decision.[3] "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[4] To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[5] Because de novo review is more favorable to the petitioner, federal courts can deny § 2254 petitions by conducting de novo review rather than applying the more deferential AEDPA standard.[6]

---

[2] 28 U.S.C. § 2254(d).

[3] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[4] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[5] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

[6] *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

### *1.    Ground one—improper argument*

In ground one, Joshlin claims that the prosecutor made improper comments in her rebuttal closing argument when she stated:[7]

> At the beginning of the trial all you hear about is how they're presumed innocent, believe they're innocent—innocent, innocent, innocent—you haven't heard anything, you don't know anything, they're innocent. Now you know everything. How innocent do they look to you? Take a look over there. How innocent do they look?[8]
>
> . . .
>
> And so what if Officer Walter and Officer Cupp and every other witness who testified wanted to come in here and make a good impression for you? So what? Does that mean they're lying? Look at these two defendants. What, you think they walk around on the street wearing those white shirts and ties? Come on.

Co-defendant Mathews's counsel objected to each of these comments. The trial court overruled the objections,[9] and the prosecutor again told the jury to "[t]ake a look at [the defendants]. Stare at them."[10]

"Improper argument does not, per se, violate a defendant's constitutional rights."[11] Habeas relief is available on grounds of improper argument only when the "prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."[12] The Nevada Supreme Court rejected this claim on direct appeal, finding that, although the prosecutor's comments inviting the jury to stare at the defendants and consider whether they looked innocent was

---

[7] Ground one also includes an allegation that the prosecutor improperly referred to Joshlin's SCOPE (an online system used by law enforcement to access an individual's personal information, including criminal history). Joshlin concedes, however, that the SCOPE reference at issue actually pertained to his co-defendant Matthews. ECF No. 50 at 5.

[8] ECF No. 23-1 at 66.

[9] *Id.*

[10] *Id.*

[11] *Jeffries v. Blodgett*, 5 F.3d 1180, 1191 (9th Cir. 1993) (citations omitted).

[12] *Darden v. Wainwright*, 477 U.S. 168, 171 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

improper, Joshlin failed to demonstrate prejudice sufficient to warrant reversal of his conviction.[13]

Though it was inappropriate for the prosecutor to suggest that the defendants' guilt could be determined by their appearances, her comments were, in essence, an argument that the presumption of innocence had been overcome by the evidence presented at trial. The judge instructed the jury that its verdict should be based on the evidence presented at trial and that counsel's arguments were not evidence.[14] And there was overwhelming evidence of Joshlin's guilt presented at trial. Additionally, the comments about the defendants' clothes were an "invited response" to defense counsels' suggestion during closing argument that the testifying police officers wore their uniforms to boost their credibility[15] and thus did not unfairly prejudice Joshlin.[16]

I do not find that, given the weight of the evidence against Johnson, the challenged comments so infected his trial with unfairness that it amounts to a denial of due process. I therefore find that, even under the more favorable de novo standard, Joshlin is not entitled to habeas relief on ground one.

### 2. Ground two—insufficient evidence

Joshlin next argues that there was insufficient evidence at trial to support his convictions for murder and attempted murder. He claims that the state failed to present sufficient proof that he was at the scene of the shooting at all: none of the victims identified him as one of the shooters, he has consistently denied being at the murder scene or knowing any of the victims, and there was no evidence of intent to kill.

In reviewing sufficiency-of-evidence claims, federal courts ask only if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

[13] ECF No. 19 at 3–4.

[14] ECF No. 17-2 at 39.

[15] ECF No. 17-6 at 68–69 and ECF No. 23-1 at 31.

[16] *See Darden*, 477 U.S. at 182 (noting that "the idea of an 'invited response' is not to excuse improper comments, but to determine their effect on the trial as a whole").

essential elements of the crime beyond a reasonable doubt."[17]  Where the state court applies this standard, federal habeas courts ask only whether the state court's application was "objectively unreasonable."[18]

The Nevada Supreme Court correctly applied this standard on direct appeal, noting that Joshlin was charged with premeditated murder as a direct actor, coconspirator, and aider and abettor.[19]  The Court's decision is also not based on an unreasonable application of the facts in light of the evidence presented.  Nevada law follows general conspiracy principles and does not distinguish between "an aider or abettor to a crime and an actual perpetrator of a crime; both are equally culpable."[20]  A jury therefore could have found Joshlin guilty beyond a reasonable doubt even though the testimony at trial established that Matthews fired the fatal gun shot.  There was also evidence that Joshlin was directly involved in the shooting and had specific intent to kill.  Ten bullet casings found at the scene of the shooting matched the Glock pistol recovered from the dumpster, and one of the arresting officers identified Joshlin as the individual who fled from the carjacked Lincoln carrying a Glock pistol.  The Nevada Supreme Court's ruling was not objectively unreasonable, and viewed in the light most favorable to the prosecution, a rational juror could have found Joshlin guilty of murder and attempted murder beyond a reasonable doubt based on this evidence.

**B.     Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[21]  A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability

---

[17] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[18] *See Boyer v. Belleque*, 659 F.3d 957, 954–65 (9th Cir. 2001).

[19] ECF No. 19 at 2–3.

[20] *Sharma v. State*, 56 P.3d 868, 870 (Nev. 2002).

[21] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[22] If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[23] Joshlin has not met his burden for any of his remaining claims.

### 1. Ground 3(a)—Ineffective Assistance of Counsel for failing to challenge identification

Joshlin contends that his trial counsel was constitutionally ineffective for failing to present a defense that Joshlin was not the person Officer Cupp chased and for conceding that Joshlin was in fact the person that Officer Cupp chased.[24] The Nevada Supreme Court rejected this claim on direct appeal. The Court found that Joshlin failed to show that his counsel was ineffective for conceding that Joshlin was the man officer Cupp chased. The Court explained that Joshlin's counsel argued that Joshlin was not one of the people who got out of the hijacked Lincoln but instead just happened to be in the area, and he argued that Officer Cupp mistakenly began chasing him thinking that he was one of the hijackers.[25] The Court also concluded that Joshlin failed to show prejudice, reasoning that "there was an almost continuous line of sight of [Joshlin] from the vehicle crash to being found in the dumpster" and thus Joshlin failed to demonstrate that "a defense that he was not the person Officer Cupp chased" would have had a reasonable probability of producing a different result at trial.[26]

There is a reasonable argument that Joshlin's counsel satisfied *Strickland*'s deferential standard. The testimony of Officers Cupp and Rios established that there was a very small gap

---

[22] *Id.* at 694.

[23] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[24] ECF No. 15-3 at 85–88.

[25] ECF No. 20-3 at 3–4.

[26] *Id.*

between when Officer Cupp lost sight of his suspect and when Officer Rios located him.[27] Officer Cupp testified that he arrived at the dumpster no more than two minutes after losing sight of Joshlin and was immediately able to identify him as the person who he had been chasing.[28] Joshlin's counsel was not constitutionally ineffective for making the strategic choice not to present a defense that Joshlin was not the person Officer Cupp had been chasing and to instead argue that, although he was the person being chased, he was not connected with the hijacking or shooting. Ground 3(a) is denied.

### 2.   Ground 3(b)—Ineffective Assistance of Counsel for failing to request a jury instruction on constructive possession

In ground 3(b), Joshlin argues that his counsel should have requested a jury instruction on constructive possession and argued that there was not a sufficient connection between Joshlin and the firearm for him to be in possession of it. The Nevada Supreme Court rejected this claim on direct appeal, finding that Joshlin failed to show prejudice. The Court reasoned that, "[g]iven the fact that [Joshlin] was continuously chased from the vehicle to the dumpster, he was viewed with the gun by one of the officers, and the gun was found under his left hand in the dumpster," Joshlin had not shown a reasonable probability of a different outcome had trial counsel focused more on a constructive theory of possession.[29] The Nevada Supreme Court's application of *Strickland* was not objectively unreasonable and there is a reasonable argument that Joshlin's counsel satisfied *Strickland*. Joshlin is therefore not entitled to federal habeas relief on ground 3(b).

**C.   I decline to issue a certificate of appealability.**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[30] by showing that "reasonable jurists would find the district court's

---

[27] ECF No. 16-2 at 36–52; ECF No. 16-3 at 126–34.

[28] ECF No. 16-2 at 41–43.

[29] ECF No. 20-3 at 5.

[30] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

assessment of the constitutional claim debatable or wrong."[31] To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[32] Because no reasonable jurist would find my conclusion that Joshlin's grounds for relief fail on their merits debatable or wrong, I decline to issue Joshlin a certificate of appealability.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Joshlin's second-amended petition for writ of habeas corpus **[ECF No. 41] is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is directed to enter judgment for respondents and against Joshlin and CLOSE THIS CASE.

Dated this 25th day of August, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[31] *Slack*, 529 U.S. at 484.

[32] *Id.*